UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL GAMINO, | No. 2:23-cv-01665 TLN AC (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ALL WEST COACH LINES, INC., | |
| Defendant. | |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). ECF No. 1. The sole defendant, All West Coach Lines, Inc., has moved to dismiss this case. ECF No. 8. Defendant filed a statement in response. ECF No. 11. For the reasons set forth below, the undersigned recommends the that the motion be granted and that this case be dismissed, but that plaintiff be given an opportunity to file an amended complaint.

**I. Background**

  A. <u>The Complaint</u>

Plaintiff filed this case on August 10, 2023 alleging that he was a passenger on an Amtrak/All West Coach Lines Bus and while he was on the freeway the overhead luggage door broke off the hinges and landed on his head, causing several disc bulges in his neck. ECF No. 1 at 4. The court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

1

B. Motions to Dismiss

Defendant moves to dismiss for failure to state a claim upon which relief can be granted, asserting that the single cause of action is inadequately pled. ECF No. 8 at 3.

## II. Analysis

A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See

1  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State
2  Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).
3      Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
4  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may
5  only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
6  of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
7  2014).  The court's liberal interpretation of a pro se complaint, however, may not supply essential
8  elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
9  266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  A pro se
10  litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,
11  unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809
12  F.2d 1446, 1448 (9th Cir. 1987).
13      B.  Failure to State a Claim
14      Defendant argues that the sole personal injury claim is non-specific and unsupported.  The
15  court agrees.  The facts alleged suggest that plaintiff is attempting to assert a claim of negligence,
16  though plaintiff does not actually use the word "negligence."  "Negligence is the failure to use
17  reasonable care to prevent harm to oneself or to others . . . A person is negligent if he or she does
18  something that a reasonably careful person would not do in the same situation or fails to do
19  something that a reasonably careful person would do in the same situation."  Raven H. v.
20  Gamette, 157 Cal.App.4th 1017, 1025 (2007).  To state a legal claim of negligence, the plaintiff
21  must establish: "(a) a legal duty to use due care; (b) a breach of such legal duty; (c) the breach as
22  the proximate or legal cause of the resulting injury."  Jackson v. AEG Live, LLC, 233 Cal. App.
23  4th 1156, 1173 (2d Dist. 2015).
24      In his opposition, plaintiff states that he has "proof from Amtrak that All West Coachlines
25  is responsible for this bus & my safety, I have proof from a chiropractor that my injury's [sic.]
26  were caused by this accident."  ECF No. 11 at 2.  Alleging these facts in the response is
27  insufficient to avoid a recommendation of dismissal; plaintiff must allege these facts, and all facts
28  supporting his claim, clearly in the complaint itself.  Because plaintiff does not clearly allege each

element of a negligence claim, and because he does not clearly state facts supporting each element of a negligence claim, the complaint must be dismissed with leave to amend.

### C. Leave to Amend

A pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment. Noll, 809 F.2d at 1448. Here, plaintiff should be given the opportunity to file an amended complaint that cures the defects outlined above. The undersigned therefore recommends that the motion to dismiss be granted and that the plaintiff be given leave to file an amended complaint within 30 days of the district judge's ruling on this recommendation. If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of plaintiff's claims. The allegations of the complaint should be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc.,


555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.     Pro Se Plaintiff's Summary

It is being recommended that your complaint be dismissed with leave to amend.  You have 21 days to object to this recommendation.  After that time, the District Judge assigned to this case will issue an order either adopting or rejecting the recommendation.  If the District Judge decides to adopt these recommendations, he will issue an order.  You will have 30 days from that order to file an amended complaint that clearly identifies your cause of action and includes facts supporting each element of the claim.

### IV.  Conclusion

Accordingly, the undersigned recommends as follows:

1. That the motion to dismiss (ECF No. 8) be GRANTED, and
2. That plaintiff be given leave to file an amended complaint within 30 days of a ruling on this recommendation.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 8, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE